PROB 12C
(Rev.2011)

# United States District Court
for
## Middle District of Tennessee

### Superseding Petition for Summons for Offender Under Supervision
[Supersedes Petition Filed as Docket Entry No. 122]

Name of Offender: <u>Frederick James Brush</u>   Case Number: <u>3:02-00022</u>

Name of Judicial Officer: <u>Honorable Todd J. Campbell, U.S. District Judge</u>

Date of Original Sentence: <u>February 7, 2003</u>

Original Offense: <u>18 USC 2252A(a)(2)(A) Receipt of Child Pornography</u>

Original Sentence: <u>71 months' custody and 5 years' supervised release</u>

Date of Revocation Sentence: <u>May 25, 2011</u>

Revocation Sentence: <u>11 months' custody and 49 months' supervised release</u>

Type of Supervision: <u>Supervised Release</u>   Date Supervision Commenced: <u>February 13, 2012</u>

Assistant U.S. Attorney: <u>Byron Jones</u>   Defense Attorney: <u>Peter Strianse</u>

### PETITIONING THE COURT

___ To issue a Summons.
___ To issue a Warrant.
**X** To Consider Additional Violations / Information

**THE COURT ORDERS:**
☒ Consideration of Additional Violations / Information
☐ No Action
☐ The Issuance of a Warrant:
  ☐ Sealed Pending Warrant Execution (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other

Considered this <u>3</u> day of <u>Feb</u>, 2014
and made a part of the records in the above case.

I declare under penalty of perjury that
the foregoing is true and correct.
Respectfully submitted,

Donna Jackson
Intensive Supervision Specialist

Place <u>Nashville, TN</u>

_____
Todd J. Campbell
U. S. District Judge

Date <u>February 3, 2014</u>

## ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry No. 122, has been amended as follows:

> **Violation No. 1 -  has been amended to include subsequent contacts with Ashley Zilliox.**

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1. **The Defendant shall have no contact, directly or indirectly, with Amber (last name unknown), Ashley Zilliox or Melissa Moyer.  Defendant shall report any contact with these individuals to the Probation Office within twenty-four (24) hours.**

    Mr. Brush was asked during a residence contact on October 22, 2013, if he had been in contact with any of the three females listed in the Court's no contact condition. He informed he had not. He advised he had called Ms. Zilliox's mother just to talk. On October 24, 2013, Mr. Brush requested to meet with this officer. He reported to the U.S. Probation Office that afternoon. During this meeting, Mr. Brush informed he had lied to this officer. He advised he has seen Ms. Zilliox on two occasions since he was court ordered to have no contact. He reported one time she came to the residence and spent the night with him. He could not remember the date of this contact. The second contact involved Ms. Zilliox coming to his residence on October 20, 2013, and asked for money. She reported to Mr. Brush that she was arrested for Jaywalking and Disturbing the Peace and needed money for the case. Mr. Brush stated he provided her with $9,200. Mr. Brush informed that prior to the court hearing on September 27, 2013, he had sent a nude photo of himself, by cell phone, to Ms. Zilliox. Mr. Brush said that Ms. Zilliox told him she had taken the picture and put it in a "collage" with her children. Mr. Brush stated he has not seen this collage. Mr. Brush denies having contact with Ms. Zilliox's children. Mr. Brush is afraid Ms. Zilliox is trying to extort money from him. She told him she needs money in order to get her property back. Allegedly, the property she is trying to retrieve contains the picture of Mr. Brush naked. On October 23, 2012, Tonya Tyler, sister of Melissa Moyer, and Diane Tyler, mother of Melissa Moyer, reportedly showed up, unannounced, at Mr. Brush's residence. Mr. Brush advised they told him Ms. Zilliox and Ms. Moyer were scamming him to get money in order to buy illegal prescription pain medications. They also told him Amber was not a real person. Ms. Zilliox, Ms. Moyer and Dena Reed, Ashley's sister, made her up to get money from Mr. Brush. Mr. Brush reported by phone on October 26, 2013, that Ms. Zilliox came to his residence on October 25, 2013, uninvited, and asked for $4,000 to pay a bond and was currently out on her own recognizance. Mr. Brush reported he told Ms. Zilliox he was not going to give her any more money. She said she would not bother him

again and left. He advised she has since called him and sent him several text messages. On October 29, 2013, Mr. Brush reported Ms. Zilliox sent him a text message on the previous morning stating she was getting on a bus, shutting down her phone, and that she "still loved her knight in shining armor."

**Mr. Brush sent a text message on November 7, 2013, to Ms. Zilliox's sister asking her to tell Ms. Zilliox he really misses her. Mr. Brush was reminded by the probation officer, on numerous occasions, he can have no contact with Ms. Zilliox, either directly or indirectly. On November 9, 2013, Mr. Brush advised Ms. Zilliox came to his residence around 11:30 a.m. He reported the door was unlocked and she let herself in, uninvited. She tried to get him to give her more money, but he denied giving her any. She left after about 20 minutes. On November 14, 2013, Ms. Zilliox reportedly returned to Mr. Brush's residence, uninvited, to retrieve a space heater he had previously told her she could have. Mr. Brush reported this contact to the probation officer on November 15, 2013. Mr. Brush said he had contact with Ms. Zilliox's sister on December 10, 2013. On January 30, 2014, Mr. Brush advised Ms. Zilliox returned to his residence the night before, unsolicited, about 10:00 p.m. Ms. Zilliox spent the night with Mr. Brush and left the next morning.**

2. <u>**The Defendant shall answer truthfully all inquiries by the probation officer, and follow the instructions of the probation officer.**</u>

   On October 22, 2013, the offender was asked by the probation officer if he had been in contact with Ms. Zilliox, Ms. Moyer, or Amber. Mr. Brush informed he had not been in contact, either directly or indirectly, with any of the three individuals.

## Compliance with Supervision Conditions and Prior Interventions:
Mr. Brush began his first term of supervised release on July 26, 2010. His supervision was revoked on May 25, 2011. He was reinstated on supervised release on February 13, 2012. Mr. Brush had a supervision violation hearing on September 27, 2013. Mr. Brush was found to be in violation of the conditions of supervision and was given additional conditions of supervision.

Mr. Brush is also on lifetime supervision with the State of Tennessee Department of Corrections. Mr. Brush is attending sex offender treatment with the state's treatment provider, Associates for Sexual Assault Prevention (ASAP), in Clarksville, Tennessee. Mr. Brush has been on GPS electronic monitoring since his release from incarceration.

## Update of Offender Characteristics:
There is no additional information relevant to this section that has not already been provided in this petition.

**U.S. Probation Officer Recommendation:**
It is respectfully recommended that Your Honor consider this additional violation when Frederick Brush appears before the Court on February 21, 2014.

Approved: _____
              Britton Shelton
              Supervisory U.S. Probation Officer

## SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. FREDERICK JAMES BRUSH CASE NO. 3:02-00022

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** III

**ORIGINAL OFFENSE DATE:** Prior to April 30, 2003    VCCA

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 3 Years (Class B Felony) *18 U.S.C. § 3583(e)(3)* | 5-11 months *U.S.S.G. § 7B1.4(a)* | No recommendation |
| SUPERVISED RELEASE: | Not more than 5 years less any term of imprisonment *18 U.S.C. 3583(h)* | 2 years to life *U.S.S.G. § 5D1.2(b)(2)* | No recommendation |

18 U.S.C. § 3583(e)(3) allows for revocation of supervised release and requires the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on postrelease supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Pursuant to U.S.S.G. § 7B1.3(a)(2), upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision.

In the case of a Grade B or C violation, where the minimum term of imprisonment determined under § 7B1.4(term of imprisonment) is more than one month but not more than six months, the minimum term may be satisfied by a sentence of imprisonment or a sentence of imprisonment that includes a term of confinement or home detention according to the schedule in § 5C1.1(e), for any portion of the minimum term, U.S.S.G. § 7B1.3(c)(1).

Respectfully Submitted,

Donna Jackson
Intensive Supervision Specialist

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

LF021
REV 05/01

# VIOLATION WORKSHEET

1. **Defendant** Frederick James Brush

2. **Docket Number** *(Year-Sequence-Defendant No.)* 0650 3:02CR00022 - 1

3. **District/Office** Middle District of Tennessee / Nashville

4. **Original Sentence Date** 02 / 07 / 2003
   month  day  year

5. **Original District/Office** _____
   *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)* _____

7. **List each violation and determine the applicable grade (see §7B1.1):**

   | Violation(s) | Grade |
   |---|---|
   | Shall have no contact, directly or indirectly, with Amber (last name unknown), | C |
   | Ashley Zilliox or Melissa Moyer. Shall report any contact with these | |
   | individuals to the Probation Officer within twenty-four (24) hours. | |
   | Shall answer truthfully all inquiries by the probation officer. | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*  C

9. **Criminal History Category** *(see §7B1.4(a))*  III

10. **Range of Imprisonment** *(see §7B1.4(a))*  5-11 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

    ☒ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

    ☐ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

    ☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

LF021
REV 05/01

**Defendant** Frederick James Brush

12. **Unsatisfied Conditions of Original Sentence**

    List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

    Restitution($) _____  Community Confinement _____
    Fine($)       _____  Home Detention  Undetermined
    Other         _____  Intermittent Confinement _____

13. **Supervised Release**
    If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

    Term: _____ to _____ years

    If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

    Period of supervised release to be served following release from _____
    imprisonment:

14. **Departure**

    List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002